**IN THE UNITED DISTRICT COURT FOR THE DISTRICT OF VIRGINIA
EASTERN DISTRICT
(NEWPORT NEWS DIVISION)**

Patricia Sanders

        Plaintiff

v.

Oquirrh Mountain Law Group, P.C.,
d/b/a Lexington Law Firm, Lexington Law

        Defendant.

Case No. 4:25-cv-00149-JKW-DEM

**PLAINTIFF, PATRICIA SANDERS'S, OPPOSITION TO OQUIRRH MOUNTAIN LAW
GROUP, P.C.'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b), Plaintiff, through her attorney, Lucrecia

P. Johnson, Esq., and LPJ Legal PLLC, files this Opposition to Defendant's Motion to Dismiss.

In support, Plaintiff submits the following Memorandum of Law, which is incorporated below.

**Dated February 12, 2026**

        Respectfully Submitted,

        /s/ Lucrecia Johnson
        Lucrecia Johnson, Esq.
        (VSB No. 96310)
        LPJ Legal PLLC
        853 New Jersey Ave, S.E., Suite 200
        Washington, D.C. 20003
        (202) 643-6211
        lucrecia@lpjlegal.com

**IN THE UNITED DISTRICT COURT FOR THE DISTRICT OF VIRGINIA**
**EASTERN DISTRICT**
**(NEWPORT NEWS DIVISION)**

| | |
|---|---|
| Patricia Sanders<br><br>        Plaintiff<br><br>v.<br><br>Oquirrh Mountain Law Group, P.C.,<br>d/b/a Lexington Law Firm, Lexington Law<br><br>        Defendant. | Case No. 4:25-cv-00149-JKW-DEM |

**PLAINTIFF, PATRICIA SANDERS'S, MEMORANDUM IN OPPOSITION TO OQUIRRH MOUNTAIN LAW GROUP, P.C.'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b), Plaintiff, through her attorney, Lucrecia P. Johnson, Esq., and LPJ Legal PLLC, submits this Memorandum in Opposition to Defendant's Motion to Dismiss. In support, Plaintiff states as follows:

### INTRODUCTION

This case arises from Lexington Law's systematic violations of the Credit Repair Organizations Act (CROA), its contractual obligations, and common-law duties. Ms. Sanders contracted with Lexington Law for credit-repair services and paid monthly fees for nearly five years, only to discover that the firm fabricated monthly credit reports and misrepresented her credit standing. These misrepresentations induced her to believe her credit remained poor, so she would continue paying Lexington Law's fees. After learning of the fraud and terminating her service in 2022, Ms. Sanders brought suit against Oquirrh Mountain Law Group, P.C., doing business as Lexington Law, alleging violations of CROA, breach of contract, fraud, negligent misrepresentation, and unjust enrichment.

Unbeknownst to Plaintiff, Defendant engaged in some form of insider sale to shield itself from liability for their wrongdoings. John C. Heath, Attorney at Law, P.C., which was the entity that was operating Lexington law, declared bankruptcy in 2023, and the entity was put up for sale. John C. Heath, the owner of John C. Heath, Attorney at Law, P.C., created a new entity, Oquirrh Mountain Law Group, P.C., and bought Lexington Law from John C. Heath, Attorney at Law, P.C. Oquirrh Mountain Law Group, P.C continues the same Lexington Law operation, targets the same clients, and provides the same services. Facially, nothing about the Lexington Law has changed.

Defendant now seeks dismissal, arguing that Ms. Sanders sued the wrong entity, that her claims are barred by a bankruptcy injunction, and that venue should be transferred.

Plaintiff respectfully requests that the Court deny Defendant's Motion for three reasons. First, Oquirrh Mountain Law Group, P.C., is liable for its predecessor's actions because it is a mere continuation of John C. Heath, Attorney at Law, P.C. Second, any alleged bankruptcy injunction violates the bankruptcy code as stated in a recent U.S. Supreme Court decision. Last, the venue should not be transferred because the Eastern District of Virginia is the most appropriate, and retaining the case in this District is both in the interest of justice and will be convenient to both parties.

Alternatively, to the extent the Court finds that additional facts are needed to allege successor liability, Plaintiff respectfully requests leave to amend her complaint.

## FACTS

Oquirrh Mountain Law Group, d/b/a Lexington Law, is a Utah professional corporation that operates a high-volume nationwide credit-repair service. Lexington Law advertises its services to Virginia residents and provides fully remote credit-repair assistance through a

proprietary digital platform. It communicates with clients by phone, text, and online chat, actively soliciting business from Virginia residents and maintaining ongoing relationships with them. Ms. Sanders retained Lexington Law to help improve her credit by signing a written retainer agreement and paying monthly fees of approximately $129 to $150. Over nearly five years, she paid more than $8,000 to Lexington Law.

Around 2022, Ms. Sanders noticed that Lexington Law was sending her false monthly credit reports and status updates. These reports falsely showed late student loan payments, even after Ms. Sanders had paid off her student loan in March 2021. She ultimately discovered that Lexington Law's reports were fabricated. These misrepresentations were designed to deceive Ms. Sanders into believing her credit remained poor and needed continuous remediation so she would continue paying monthly fees.

Ms. Sanders terminated her service with Lexington Law around 2022.

After Ms. Sanders' services ended, Lexington Law filed for voluntary bankruptcy and allegedly sold its assets to Oquirrh Mountain Law Group.  Defendant did not announce or provide notice of the bankruptcy or asset sale to Ms. Sanders, and the sale was not publicized to consumers. Oquirrh Mountain Law Group has continued to operate Lexington Law's business in the same manner, using the same "Lexington Law" name, website, brand, address, telephone number, personnel, and client base. As a result, Ms. Sanders was unaware that Lexington Law had changed corporate form and reasonably believed she was suing the correct entity.

Public records show that John C. Heath owns and controls both John C. Heath, Attorney at Law, P.C., and Oquirrh Mountain Law Group. *See Exhibit A*. Further, Bankruptcy documents list John Heath as the Lexington Law buyer and seller. *See Exhibit B*. At some point in the document, a person called Eric Kamerath is also listed as a seller. ("Buyer Avoidance Actions" shall mean

any actual and/or potential Avoidance Actions or other Claim by Seller against John C. Heath and Eric Kamerath). John C Heath is the owner and  CEO of Oquirrh Mountain Law Group. And Eric M Kamerath is the Treasurer and Vice President of Oquirrh Mountain Law Group. John C. Heath, P.C., ceased to exist around September 2023, and Oquirrh Mountain Law Group was formed on September 14, 2023. Oquirrh operates from the same address and uses the same telephone number, brand, website, and personnel as its predecessor.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), when considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled facts. To survive dismissal, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires a plaintiff to allege factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, thereby raising a reasonable expectation that discovery will reveal supporting evidence, *Twombly*, 550 U.S. at 556. Put another way, "plaintiff[s] must provide sufficient detail to show that [they have] a more-than-conceivable chance of success on the merits." *Odjaghian v. HHS Tech. Grp., LLC*, 848 F. App'x 534, 537 (4th Cir. 2021)

## ARGUMENT

### 1.  Oquirrh Mountain Law Group (The "New" Lexington Law)  Is A Mere Continuation Of John C. Heath, Attorney At Law, P.C. (The "Old" Lexington Law)

Plaintiff can state a claim against Oquirrh Mountain Law Group based on the conduct of Lexington Law. In Virginia, a corporation that purchases or otherwise receives the asserts of another company can be liable for debts and liabilities if any of four exceptions are present: (1)

the purchasing corporation expressly or impliedly agreed to assume such liabilities; (2) the circumstances surrounding the transaction warrant a finding that there was a consolidation or *de facto* merger of the two corporations; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is fraudulent in fact. *Blizzard v. Nat'l R.R. Passenger Corp.*, 831 F. Supp. 544, 547 (E.D. Va. 1993) (citing *Harris v. T.I., Inc.*, 243 Va. 63, 70, 413 S.E.2d 605, 609 (1992)). The "mere continuation" exception applies here.

To determine whether a corporation is a "mere continuation" of another corporation, Virginia Courts look at "whether there has been a continuation of the corporate entity of the seller, not whether there has been a continuation of the seller's business operations." *Blizzard*, 831 F. Supp. at 548. The Supreme Court of Virginia has explained that "[a] common identity of the officers, directors, and stockholders in the selling and purchasing corporations is the key element of a 'continuation.'" *Harris*, 243 Va. at 70, 413 S.E.2d at 609. Another consideration in the traditional "mere continuation" analysis is whether, following the transaction, only one corporation remains. *Blizzard*, 831 F. Supp. at 548.

The facts show that Oquirrh Mountain Law Group is a mere continuation of John C. Heath, Attorney at Law, P.C. First, there is a common identity of ownership. Public records from the Utah Department of Commerce list John C. Heath as the owner of both entities. He filed and signed multiple formation and related documents for both companies and is also listed as the CEO of Oquirrh Mountain Law Group. Additionally, on the asset purchase agreement, John C. Heath is listed as a buyer. *See Exhibit B.* Another common owner is Eric Kamerath, who was listed as a seller of Lexington law and is now listed as the Treasurer and Vice President of Oquirrh Mountain Law Group.

The next element, the "one continuing corporation" factor, is also satisfied. Public records show John C. Heath, Attorney at Law, P.C., ceased existing around September 2023, and Oquirrh Mountain Law Group was formed on September 14, 2023. Oquirrh Mountain Law Group is using the same address and telephone number as John C. Heath, Attorney at Law, P.C. Oquirrh also uses John C. Heath's goodwill (including the Lexington Law brand), retains the same personnel, provides the same services, and serves the same customers. Oquirrh further evidences continuity by using the same website previously associated with John C. Heath, Attorney at Law, P.C.

These facts support the conclusion that Oquirrh is the corporate continuation of John C. Heath, Attorney at Law, P.C., and therefore may be held liable for that

Defendant also argues that a bankruptcy-court injunction bars claimholders from bringing claims arising prior to the asset purchase against Oquirrh Mountain Law Group. That argument is unsupported by the recent United States Supreme Court's decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024). In *Harrington*, the Court held that "the bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a non-debtor without the consent of affected claimants." *Id.* at 227. Oquirrh Mountain Law Group is a non-debtor, and Plaintiff never consented to any discharge of her claims. Under *Harrington*, an injunction that purports to extinguish all claims against Oquirrh, particularly claims sounding in fraud or other willful misconduct, without Plaintiff's (the claimant) consent, is unauthorized, except in the limited context expressly provided by the Code (asbestos-related bankruptcies). The fraud alleged by the Plaintiff squarely meets the criteria established under Blizzard. A transaction involving the sale of a company is deemed fraudulent in fact when executed with the intent to delay, hinder, or defraud creditors. *La Bella Dona Skin Care, Inc. v. Belle Femme Enters*., LLC, 294 Va. 243, 253, 805 S.E.2d 399 (2017). The

evidence demonstrates that this transaction was 'done with vicious intent' to subvert the legal process. By maintaining identical ownership, staff, and operations, the Plaintiff engaged in a transparent attempt to evade the penalties imposed by the Consumer Protection Bureau for its systematic violations of consumer rights. Accordingly, Plaintiff may pursue against Oquirrh Mountain Law Group the claims she had against John C. Heath, Attorney at Law, P.C. (formerly associated with Lexington Law).

### 2.  The Proper Venue For The Case To Be Heard Is The Eastern District Of Virginia

Defendant erroneously seeks transfer of venue under 28 U.S.C. § 1412. However, that statute is inapplicable in this case. That statute provides that a District Court "may transfer a case or proceeding under Title 11, in the interest of justice or for the convenience of the parties." Title 11 governs bankruptcy proceedings. Because the instant case is not a bankruptcy proceeding, § 1412 does not apply. Furthermore, the previous bankruptcy case was terminated on October 7, 2025, prior to the filing of this action; therefore, there is no pending bankruptcy matter to which this case could relate.

The appropriate statute governing transfer in this matter is 28 U.S.C. § 1404(a), which permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice...to any other district or division where it might have been brought." A transfer to the District of Delaware would neither serve the convenience of the parties nor the interest of justice.

In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), the Supreme Court outlined five factors to consider regarding venue transfer: (1) the plaintiff's choice of venue, (2) witness convenience and access, (3) the applicable law, (4) the interest in having local controversies decided at home, and (5) the local interest in the matter.

First, the Plaintiff's choice of forum is given significant weight. Here, the Plaintiff selected the Eastern District of Virginia because she resides in this jurisdiction and the events giving rise to the claim occurred here.

Second, there is no evidence that any potential witnesses reside in Delaware. In fact, none of the parties are based in that District. The Plaintiff is in Virginia, and the Defendants' principal office is in Utah. Litigating in Delaware would require travel for all parties, creating an inconvenience for everyone involved.

Next, Defendants are being sued under Virginia Common Law and Federal Law for actions committed in Virginia. Virginia Law governs the Plaintiff's contract and tort claims, as Virginia is the locus of the alleged harm. While Federal courts are capable of applying the laws of other states, it is generally preferable for a forum to interpret and apply its own state laws. Retaining the case here ensures that a local judge familiar with the applicable law addresses the issues.

Transferring this matter would create an undue financial burden. While the Defendants may have the resources to travel to Delaware, the Plaintiff cannot afford to do so. Forcing the Plaintiff to litigate in a distant forum with no connection to the controversy would be prohibitively expensive and significantly less convenient. Accordingly, the request to transfer venue should be denied.

### 3.  Alternatively, Leave To Amend The Complaint Should Be Granted

Plaintiff was not aware that Defendant sold the company. Defendant has continued to operate under the same name and website, providing the same services and advertising in the same manner. Accordingly, the complaint does not address or talk about the two different entities or explain why the Defendant is liable for the actions of their predecessor. Accordingly, if the Court finds that additional facts are needed for the successor liability claim, then Plaintiff respectfully

requests leave to amend the complaint to include those facts. Should the Court grant the Plaintiff's motion, leave to amend the complaint is nonetheless requested. Evidence recently brought to light necessitates a revision of the pleadings to accurately reflect the current factual landscape. Under the liberal standard for amendment, such leave should be granted to prevent prejudice and allow for a just resolution.

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to file an amended complaint be "freely given when justice so requires." The purpose of this rule is to allow the maximum opportunity for a claim to be decided on its merits. The Supreme Court has instructed that although the grant or denial of an opportunity to amend is within the discretion of the District Court, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[i]n the absence of …undue delay, bad faith or dilatory motive…undue prejudice…futility of amendment, etc.—the leave sought should…be 'freely given.'"). Here, if the Court finds that additional facts are needed, then an Amendment will not cause undue delay, nor will it be futile.  The case is still in the pleading stage, and based on the arguments in this Opposition, Defendant and the Court can infer as to the facts that will be included in the Amendment. There has been no scheduling order, and Defendant has not filed an Answer. The Amendment is curative and dilatory, and it addresses Defendant's successor liability. Defendant will not suffer any undue prejudice because they are familiar with the core facts supporting the complaint, and the amendment will simply clarify why Defendant can be liable for the claims. Thus, if the Court finds that there aren't enough facts alleging successor liability, Plaintiff respectfully requests that they be given an opportunity to amend the complaint to include facts supporting defendant's successor liability.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Plaintiff seeks that the Court determine that Oquirrh Mountain Law Group and John C. Heath, Attorney at Law, P.C., are the same entity for the purposes of this litigation and deny the motion to dismiss. The Plaintiff also respectfully requests that the Court deny Defendant's request to transfer venue. Alternatively, Plaintiff requests permission to amend the complaint to include allegations of successor liability.

Dated February 12, 2026

Respectfully Submitted,

/s/Lucrecia P. Johnson
Lucrecia P. Johnson, Esq. (VSB No. 96310)
LPJ Legal, PLLC
853 New Jersey Ave SE, Suite 200
Washington, DC 20003
202-643-6211
lucrecia@lpjlegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February 2026, a true and correct copy of the foregoing was served by e-service and on the Defendant via its Counsel of Record to:

Noah J. DiPasquale
Troutman Pepper Locke LLP
1001 Haxall Point
Richmond, VA 23219
(804) 697-1266
noah.dipasquale@troutman.com
*Counsel for Defendant*

/s/Lucrecia P. Johnson
Lucrecia P. Johnson, Esq.