**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

PATRICIA SANDERS,

    Plaintiff,

    v.

OQUIRRH MOUNTAIN LAW GROUP,
P.C. *d/b/a Lexington Law Firm*,

    Defendant.

Case No. 4:25-cv-149

### OPINION & ORDER

Before the Court is Defendant Oquirrh Mountain Law Group's motion to dismiss the amended complaint or, in the alternative, to transfer venue (ECF No. 17) as well as Plaintiff Patricia Sanders's motion to join additional defendants (ECF No. 29). For the reasons stated herein, the motion to dismiss will be **GRANTED**, and the case will be **DISMISSED WITH PREJUDICE**. The motion for joinder will be **DISMISSED AS MOOT**.

## I.    BACKGROUND

At this stage, the Court assumes the facts alleged in the amended complaint are true. On June 4, 2023, John C. Heath, Attorney at Law, P.C. d/b/a Lexington Law Firm ("former Lexington Law") filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. ECF No. 18 at 2–3; *see In re PGX Holdings, Inc.*, No. 23-10718, ECF No. 1 (Bankr. D. Del. June 4, 2023). On August 25, 2023, the bankruptcy court entered a sale order approving the purchase of the former

Lexington Law "free and clear of all claims," where "claims" is defined in part as a "right to payment." ECF No. 18-2 at 13–14 ¶ X (citing 11 U.S.C. § 101(5)).[1]

The sale order also states that "neither the Lexington Law [p]urchaser (nor any of its affiliates, successors, or assigns) shall have any responsibility for . . . any [c]laims against the [d]ebtors or any of their predecessors or affiliates" and that the bankruptcy court "retain[s] exclusive jurisdiction to . . . interpret, implement, and enforce the terms and provisions of [the] [o]rder . . . [and to] protect the [d]ebtors and their assets . . . against any [c]laims." ECF No. 18-2 at 29 ¶ 16, 44 ¶ 51. Additionally, the sale order "permanently enjoined" "[a]ll persons and entities . . . who may or do hold [c]laims . . . against the [d]ebtors . . . from asserting or pursuing such [c]laims against [the] Lexington Law [p]urchaser." *Id.* at 21–22 ¶ 5.

Oquirrh Mountain Law Group was formed on September 14, 2023, and acquired the assets of the former Lexington Law pursuant to the bankruptcy plan. *See* ECF No. 18-3; ECF No. 18-4 ¶ 100.

Sanders filed her complaint against Oquirrh on November 18, 2025 (ECF No. 1), and an amended complaint on December 5, 2025 (ECF No. 7), arising out of her interactions with the company doing business as Lexington Law in 2022. ECF No. 7

---

[1] The Court takes judicial notice of the documents filed in the bankruptcy action in Delaware. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009) ("[A] federal court may consider matters of public record . . . in conjunction with a Rule 12(b)(6) motion."); *Mills v. City of Norfolk, Virginia*, No. 2:20-cv-521, 2020 WL 7630647, at *4 (E.D. Va. Dec. 22, 2020) ("The Court can take judicial notice of docket entries, pleadings[,] and papers in other cases without converting a motion to dismiss into a motion for summary judgment.") (citation and quotation marks omitted).

¶¶ 15, 18, 23. She seeks monetary damages for violations of the Credit Repair Organization Act and four state law causes of action.

## II.   LEGAL STANDARD

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true," *Twombly*, 550 U.S. at 545, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.   ANALYSIS

Oquirrh seeks dismissal of the plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) because the bankruptcy court's sale order bars claims against the purchaser of the former Lexington Law and the assets were sold "free and clear of all claims."[2] ECF No. 18 at 6–7.

---

[2] In the alternative, the defendant seeks to transfer the case to the District of Delaware for referral to the bankruptcy court. Because the Court is dismissing the case, it need not address the motion to transfer.

The sale order authorized the sale of the former Lexington Law "free and clear of all claims" and "permanently enjoined" "[a]ll persons and entities . . . who may or do hold [c]laims . . . against the [d]ebtors . . . from asserting or pursuing such [c]laims against [the] Lexington Law [p]urchaser." ECF No. 18-2 at 21–22 ¶ 5; *see also id.* at 29 ¶ 16 ("[N]either the Lexington Law [p]urchaser (nor any of its affiliates, successors, or assigns) shall have any responsibility for . . . any [c]laim against the [d]ebtors or any of their predecessors or affiliates."). The sale order defines "claims," to "include[], without limitation, any and all 'claims' as that term is defined and used in the Bankruptcy Code, including section 101(5)." ECF No. 18-2 at 14. The Bankruptcy Code defines "claims" in part as the "right to payment." 11 U.S.C § 101(5).

Therefore, the plain text of the sale order clearly precludes the plaintiff's claims for monetary damages based on the actions of the former Lexington Law. *See Givens v. Washington Mut.*, No. 5:09-cv-76, 2012 WL 3133639, at *2 (W.D. Va. July 31, 2012) (dismissing the plaintiff's National Banking Act claims because a bankruptcy plan discharged all claims against the defendants); *Thomas v. McFadden*, 810 F. Supp. 3d 732, 741–42 (W.D.N.C. 2025) (same).

---

Additionally, the Court notes that the provision of the sale order that "retain[s] exclusive jurisdiction to . . . interpret, implement, and enforce the terms and provisions of [the] [o]rder . . . [and to] protect the [d]ebtors and their assets . . . against any [c]laims," does not require transfer in this case. ECF No. 18-2 at 44 ¶ 51. The sale order retains jurisdiction to the extent that it existed over either of the parties in this case to begin with but does not create jurisdiction where it did not exist previously. Because neither party is the debtor, the sale order does not compel transfer to the District of Delaware bankruptcy court. *See also* ECF No. 18-1 at 58 ¶ 10.10 (bankruptcy court retains exclusive jurisdiction only over disputes arising out of the sale agreement).

In response, the plaintiff argues that the sale order's claim injunction is "unauthorized" under *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024), and that Oquirrh is a "mere continuation" of the former Lexington Law and so can be held liable for the actions of the previous entity. ECF No. 21 at 5–8. Neither argument bars dismissal.

First, in *Harrington*, the Supreme Court held that "the bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a non-debtor without the consent of affected claimants." *Id.* at 227. But even assuming *Harrington* applied to the sale order here, the Supreme Court expressly reserved judgment on whether its holding would "unwind[] reorganization plans that have already become effective and been substantially consummated." *Id.* at 226; *see In re Boy Scouts of Am.*, 137 F.4th 126, 169 n.29 (3d Cir. 2025). *Harrington* was issued on June 27, 2024, and the former Lexington Law Chapter 11 plan became effective on December 29, 2023. *See In re PGX Holdings, Inc.*, No. 23-10718, ECF No. 687 (Bankr. D. Del. Dec. 29, 2023). Therefore, *Harrington* does not apply to the injunction discharging claims in the sale order here.

Second, the plaintiff contends that Oquirrh is a "mere continuation" of the former Lexington Law and therefore, under Virginia law, Oquirrh can be liable for the debts and liabilities of the previous entity. ECF No. 21 at 6. But the plaintiff's amended complaint does not allege any theory of successor liability, so that argument

is not properly before the Court.[3] *See* ECF No. 7; *Leonard v. Bed, Bath & Beyond, Inc.*, No. 5:15-cv-284, 2016 WL 158587, at *3 (E.D.N.C. Jan. 8, 2016) ("[I]n order to bring a claim against a corporation based on the conduct of its predecessor, a plaintiff must allege at least one basis for successor liability."); *Bishop v. 7-Eleven, Inc.*, 2011 WL 13192917, at *1 (E.D. Va. Aug. 9, 2011)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)).

Recognizing this fact, the plaintiff requests leave to amend her amended complaint because she "was not aware that [the d]efendant sold the company." ECF No. 21 at 10. But the plaintiff did not separately file a motion for leave to amend nor a proposed second amended complaint for the Court's review. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (because the plaintiff requested leave to amend in its opposition to the motion to dismiss and not by a separate motion, the request was properly denied); *Rettig v. Alliance Coal, LLC*, No. 2:21-cv-8, 2023 WL 5673961, at *6 (N.D.W. Va. Sep. 1, 2023) ("A response brief to a motion to dismiss is not an appropriate means to request leave to amend a complaint.").

---

[3] And in any event, the Court is skeptical of the viability of a successor liability claim given the language in the sale order barring such a claim. *See* ECF No. 18-2 at 13–14, 28–29.

6

## IV.    CONCLUSION

Accordingly, Defendant Oquirrh Mountain Law Group's motion to dismiss (ECF No. 17) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.[4]

The plaintiff's motion for joinder (ECF No. 29) is **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

/s/

_____
Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 1, 2026

---

[4] Nothing in the Court's Opinion and Order precludes the plaintiff from filing a new suit against entities or individual not currently named here.

7